SKAPIK LAW GROUP
Mark J. Skapik (SBN 164957)
Geralyn L. Skapik (SBN 145055)
Blair J. Berkley (SBN 222293)
Matthew T. Falkenstein (SBN 333302)
Eric C. Morris (SBN 243425)
5861 Pine Avenue, Suite A-1
Chino Hills, California 91709
Telephone: (909) 398-4404
Facsimile: (909) 398-1883

Attorneys for Plaintiffs
JAIMIE MANNS, an individual; N. M., a minor,
by and through his guardian ad litem, Jaimie Manns

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| JAIMIE MANNS, an individual; N. M., a minor, by and through his guardian ad litem, Jaimie Manns;<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>COUNTY OF SAN BERNARDINO; SAN BERNARDINO COUNTY CHILD AND FAMILY SERVICES; ALEJANDRA GONZALEZ, an individual; KRISTINA DODELE, an individual; MEGAN FONSECA, an individual; DOES 1 through 20, inclusive<br><br>　　　　Defendants. | Case No.: 5:21-cv-02065-JWH-SHK<br><br>*Assigned for All Purposes to:*<br><br>*Honorable John W. Holcomb*<br>*Courtroom 9D*<br><br>**PLAINTIFFS' UNOPPOSED PETITION FOR APPROVAL OF MINOR'S COMPROMISE**<br><br>*[Served concurrently with Declaration of Geralyn L. Skapik; Declaration of Jaimie Manns; [Proposed] Order]* |

TO THE HONORABLE COURT AND ALL PARTIES:

Counsel for Plaintiff N.M., by and through his guardian *ad litem*, Plaintiff Jaimie Manns, hereby brings this unopposed[1] Petition for Approval of Minor's Compromise. The contemplated compromise is a settlement of all claims of N.M. against the Defendants arising from violations of his state and federal civil rights. This Petition seeks authority of the Court to compromise the minor N.M.'s claims, the use of the proceeds to reimburse counsel for the costs expended and for reasonable attorneys' fees. The following is a description of the breakdown submitted to the Court for approval:

- **Total Settlement**: $1,900,000.00 (which includes the claims of Plaintiff Jaimie Manns and minor Plaintiff N.M.)
- **Minor N.M.'s Portion:** $150,000.00
- **Jaimie Manns' Portion:** $1,750,000.00
- **Total Costs:** $60,479.77
- **Costs Charged to Minor N.M.:** $0
- **Costs Charged to Jaimie Manns:** $60,479.77
- **Total Attorneys' Fees Charged to N.M.:** $0
- **Total Attorneys' Fees Charged to Jaimie Manns:** $855,000.00 (45% of the total settlement of $1,900,000.00)
- **Total Recovery for Minor N.M.:** $150,000.00
- **Total Recovery for Jaimie Manns:** $834,520.23

---

[1] During settlement discussions and subsequent meet-and-confer efforts, Defendants' counsel indicated that they would not oppose this petition. See, Declaration of Geralyn Skapik, ¶ 14.

- 2 -
PLAINTIFFS' UNOPPOSED PETITION FOR APPROVAL OF MINOR'S COMPROMISE

- **Total Settlement**: $1,900,000.00 (which includes the claims of Plaintiff Jaimie Manns and minor Plaintiff N.M.)
- **Jaimie Manns' Portion:** $1,750,000.00
- **Minor N.M.'s Portion:** $150,000.00
- **Total Attorneys' Fees Charged to Jaimie Manns:** $855,000.00 (45% of the total settlement of $1,900,000.00)
- **Total Costs charged to Jaimie Manns:** $60,479.77
- **Total Attorneys' Fees Charged to N.M.:** $0
- **Total Costs Charged to N.M.: $0**
- **Total Recovery for Minor N.M.:** $150,000.00
- **Total Recovery for Jaimie Manns:** $834,520.23

Plaintiffs signed a retainer providing for attorneys' fees of 45% of any settlement or verdict and costs. The attorney fees in this matter are $855,000.00 (or 45% of $1,900,000.00). Plaintiffs' counsel advanced $60,479.77 in costs. All attorney fees and cost will be taken for Jaimie Manns portion of the settlement. None of the Plaintiffs' counsel's fees or costs will be taken from N.M.'s portion of the settlement. N.M.'s settlement amount will be deposited into a blocked bank account will be opened on behalf of N.M

Based on the aforementioned, Plaintiffs' counsel respectfully requests that the Court approve the above-described distribution of the settlement proceeds.

SKAPIK LAW GROUP

Dated: June 12, 2024

By: */s/ Geralyn L. Skapik*
Geralyn L. Skapik
Mark J. Skapik
Attorneys for Plaintiffs,
JAIMIE MANNS and
N.M., by and through his guardian ad litem, JAIMIE MANNS

PLAINTIFFS' UNOPPOSED PETITION FOR APPROVAL OF MINOR'S COMPROMISE

## I. INTRODUCTION

Plaintiff and petitioner Jaimie Manns, mother and guardian *ad litem* for minor plaintiff N.M., hereby petitions this Court for approval of the minor's compromise in this matter, and requests the Court approve the proposed distribution of the minor's funds.

The instant claims of minor plaintiff N.M. arose from the removal of N.M. from his mother's care by the Defendants for a period of nearly 18 months. The parties attended a settlement conference before Magistrate Judge, the Honorable Sheri Pym on April 15, 2024, where a settlement was reached which obligates the Defendants to pay to the Plaintiffs and their attorney of record the total sum of $1,900,000.00. Declaration of Geralyn L. Skapik (Skapik Decl.), ¶ 2. Said settlement was approved by the County Board of Supervisors on or before June 11, 2024. Skapik Decl., ¶ 2.

This case was vigorously litigated for over two years. Plaintiffs defeated multiple Motions to Dismiss, reviewed thousands of pages of documents, took or defended 16 depositions, a Motion for Summary Judgment was fully briefed and under submission, with the tentative substantially in Plaintiffs' favor, and substantial trial preparation had begun, including the filing of motions *in limine* at the time of the settlement conference took place. Prior to the settlement conference before the Honorable Sheri Pym, the parties engaged in multiple mediations and extensive settlement negotiations

Local Rule 17-1.3 provides that "[i]nsofar as practicable, hearings on petitions to settle, compromise or dismiss a claim in an action involving a minor or incompetent person shall conform to California Code of Civil Procedure Section 372 and California Rule of Court 3.1384." These code sections refer to the requirement of court approval and incorporate other rules requiring disclosure of various pertinent facts. California Rule of Court 3.1384 provides that "[a] petition for court approval of a compromise or covenant not to sue under Code of Civil Procedure section 372 must comply with rules 7.950, 7.951, and 7.952." The moving plaintiffs hereby provide and disclose the required information in this memorandum and the attached declarations of Geralyn L. Skapik and Jaimie Manns.

- 1 -
PLAINTIFFS' UNOPPOSED PETITION FOR APPROVAL OF MINOR'S COMPROMISE

II. **THE COURT SHOULD ISSUE AN ORDER APPROVING THE MINOR'S COMPROMISE BECAUSE THE SETTLEMENT AGREEMENT IS FAIR, REASONABLE AND IN THE BEST INTEREST OF N.M., WAS NEGOTIATED AT ARMS LENGTH AND WITH THE ASSISTANCE OF EXPERIENCED COUNSEL AND MAGISTRATE JUDGE PYM**

District Courts have a special duty under Federal Rule of Civil Procedure 17(c) to protect the interests of litigants who are minors. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In evaluating a settlement which involves the claims of a minor, the role of the Court is "to assure itself that the minor's interests are protected." *Id.*; See, *Gonzalez ex rel. Gonzalez v. United States*, No. 1:09-cv-00509-LJO-SKO, 2012 WL 2361723, at *2 (E.D. Cal. Jan. 13, 2012) ("the district court's special duty requires it to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'") (citation omitted).

The Ninth Circuit has also made clear that, in cases involving the settlement of federal claims, district courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases," and should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel — whose interests the district court has no special duty to safeguard." *Id.* at 1181-82 (citing *Dacanay*, 573 F.2d at 1078); *J. P. v. Cnty. of Alameda*, Case No. 17-cv-05679-YGR (LB), 2 (N.D. Cal. Jan. 28, 2019).

Thus, the Court should approve the proposed order for minor's compromise here because the terms of the settlement agreement were discussed during the mediation process with Judge Pym and the nature of the settlement process show that N.M.'s interests have been protected and that the settlement is both fair and reasonable.

### A. The Terms of the Agreement are Fair, Reasonable, and in the Best Interest of N.M.

To evaluate whether a minor's compromise is in the best interest of the minor, the Court looks at whether the net recovery to the minor is fair and reasonable based on the facts of the case. See, *Robidoux*, 638 F.3d at 1182. N.M. was 6 months old when he was removed from his mother and returned when he was approximately 18 months old. During this time period, Jaimie Manns vigorously contested and fought Child and Family Services to regain custody of N.M..

Under the terms of the settlement agreement, N.M. will receive $150,000.00, which will not be reduced in any way to cover attorneys' fees or advanced costs. Skapik Decl., ¶ 3. Damages awarded in similar cases are somewhat varied, and both N.M.'s counsel and guardian *ad litem* believe that N.M.'s award of $150,000.00 is fair and reasonable given the inherent risks of litigation. Skapik Decl., ¶ 3; Declaration of Jaimie Manns (Manns Decl.), ¶ 4. Each of N.M.'s claims were disputed by Defendants and liability was not a foregone conclusion. Skapik Decl., ¶ 5. Had N.M. risked going to trial, he may not have been able to recover the substantial sum that he is awarded here. Skapik Decl., ¶ 5.

This amount, based on N.M.'s counsel's experience in federal civil rights cases, and in light of the facts and allegations in this lawsuit, is both fair and reasonable. Skapik Decl., ¶ 6. This amount is within the range that Courts have approved in analogous settlements in the social worker setting and is proportionate to the amount of time that N.M. was removed from Ms. Manns' care. See, *Alondra Cole, et al. v. County of Los Angeles, et al.*, Case No. 2:10-cv-5701, Dkt. # 49 (approving awards of $25,000 and $10,000 to two minor plaintiffs out of a total award of $500,000); *Gracie Darlene McCue, et al. v. South Fork Union School District, et al.*, Case No. 1:10-cv-00233-LJO-MJS, Dkt. # 103 (approving net award of $168,573.54 to minor plaintiff out of a total award of $1,000,000, where part of the attorneys' fees were taken from minor's portion); *Hani Yasin, et al. v. County of Los Angeles, et al.*, Case No. 2:18-cv-01178-CBM (Ex),

Dkt. # 96 (approving awards of $50,000, $25,000, and $25,000 to three separate minor plaintiffs out of a total settlement of $750,000). Accordingly, the net recovery of $150,000.00 to N.M. is fair, reasonable, and an excellent result given the facts of this case.

Moreover, Plaintiffs' counsel has thoroughly investigated the facts of this case and the legal basis of N.M.'s claim. Skapik Decl., ¶ 4. Under those facts, N.M.'s counsel believes that the proposed settlement agreement is in N.M.'s best interest and recommends that the Court approve the minor's compromise. Skapik Decl., ¶ 6. N.M.'s guardian *ad litem*, Plaintiff Jaimie Manns, has also discussed the agreement with Plaintiffs' counsel and also believes that it is fair and reasonable. Skapik Decl., ¶ 7; Manns Decl., ¶ 5. Ms. Manns believes that the agreement is in N.M.'s best interest and recommends that the Court approve the minor's compromise. Manns Decl., ¶ 6.

**B.     *The Settlement was Negotiated at arm's length, before a Magistrate Judge by Experienced Counsel After Thorough Investigation***

Plaintiffs, including N.M., have been represented by Skapik Law Group throughout this entire litigation. Skapik Decl., ¶ 8. As set forth above, the agreement requires a payment of $150,000.00 to N.M., none of which will be used to pay for the attorneys' fees or costs accrued in this matter. Skapik Decl., ¶ 9. Further, in review of the minor's compromise, the Court is limited to evaluating of the net recovery to the minor, in this case N.M. See, *Robidoux, supra*, 638 F.3d at 1182 ("If the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as presented, regardless of the amount the parties agree to designate for . . . attorney's fees.").

Here, no portion of the proposed settlement to N.M. will be used to pay Skapik Law Group's attorneys' fees or costs accrued in this matter. Skapik Decl., ¶ 9. All of the fees and costs to be paid to Skapik Law Group will be deducted from Ms. Manns' portion of the award. Skapik Decl., ¶ 9. The fees and costs incurred, and the percentage to be awarded to Skapik Law Group, represent work that was necessarily required for this

litigation. Skapik Decl., ¶ 10.  Plaintiffs' counsel had to fight off multiple motions to dismiss, conduct or defend 16 depositions of lay witnesses and experts, oppose a voluminous motion for summary judgment, and prepare a significant portion of trial documents throughout litigation in this case. Skapik Decl., ¶ 10. N.M.'s counsel has not received attorneys' fees or other compensation other than that requested in this motion. Skapik Decl., ¶ 11.

Ms. Manns notes that she is fully satisfied with the settlement, N.M.'s share of the settlement, and the amount allocated toward attorneys' fees and costs. Manns Decl., ¶ 7. She fully understands that if the settlement proposed in this petition is approved by the Court and is consummated, N.M. will be forever barred from seeking any further recovery of compensation from Defendants related to the incidents alleged in this action, even though N.M.'s injuries may, in the future, appear to be more serious than they are now thought to be. Manns Decl., ¶ 8. Plaintiffs and their counsel are therefore pleased with the outcome of the litigation and the compensation that N.M. will receive for the harm that he allegedly suffered. Skapik Decl., ¶ 12; Manns Decl., ¶ 9.

In light of the terms of the settlement agreement, N.M.'s mother and guardian *ad litem*, along with N.M.'s counsel, believe that N.M.'s interests are adequately provided for and that the terms of the Agreement are fair, reasonable, and in the best interests of N.M.

**C.    *Disposition Of Settlement Proceeds***

Under California Probate Code § 3611(f), this Court has discretion to order that N.M.'s portion of the settlement be held on such conditions as is in the best interest to N.M. Here, there is no guardianship or conservatorship over N.M.; he has been represented by Jaimie Manns, his mother and court-appointed guardian *ad litem*. Manns Decl., ¶¶ 1-2; 10. Ms. Manns has primary custody over N.M. and is fully responsible for his care. Manns Decl., ¶ 11. As such, there is no need or requirement that N.M.'s proceeds be placed in a special needs or other trust instrument.

Indeed, courts routinely allow minors' caretakers to maintain control over the minor's settlement trust under such circumstances. See, *Demoura v. Ford*, No. 1:09-cv-01344-LJO-SKO, 2012 WL 4815523, at *4 (E.D. Cal. Oct. 9, 2012) (allowing the settlement amount to be placed into CUTMA trust with the minor's grandmother and caretaker as custodian of the account); *Colbey T. v. Mt. Diablo Unified Sch. Dist.*, No. C 11-03108 LB, 2012 WL 1595046 (N.D. Cal. May 4, 2012) (allowing the settlement amount to be held in a bank account in trust for minor by his mother to be used for minor's care); *Schaeffer v. Gregory Vill. Partners, L.P.*, No. 13-cv-04358-JST, 2015 WL 7454184, at *2 (N.D. Cal. Nov. 23, 2015) (allowing the minor's settlement payment to be placed in brokerage trust account with parents serving as co-trustees);

Accordingly, petitioner requests that $150,000.00 proceeds of the settlement be paid directly from Skapik Law Group's Client Trust Account into a California Uniform Transfers to Minors Account (CUTMA) without bond or creation of trust, with Ms. Manns serving as the custodian to direct expenditure of the funds for N.M.'s benefit, pursuant to California Probate Code Section 3611(f). Manns Decl., ¶ 12. Ms. Manns is N.M.'s mother and guardian *ad litem*. Manns Decl., ¶ 1-2. Ms. Manns has primary custody over N.M. Manns Decl., ¶ 11. This money will be used for N.M.'s care, education and benefits only, as Ms. Manns sees fit. Manns Decl., ¶ 12. In this instance, it is in the best interest of N.M. to have his settlement delivered directly from Skapik Law Group's Client Trust Account to the CUTMA account that his mother and guardian *ad litem*, Ms. Manns, created to use for his care, education, and benefit only, as she sees fit.

## III. DISCLOSURE OF ATTORNEY'S INTEREST PURSUANT TO CALIFORNIA RULE OF COURT 7.951

1. This petition was prepared by attorneys and Geralyn L. Skapik (California Bar Number 145055) and Matthew T. Falkenstein (California Bar Number 333302) of Skapik Law Group, located at 5861 Pine Ave., Suite A-1, Chino Hills, California, representing Plaintiffs Jaimie Manns and N.M., a minor.

2.	Skapik Law Group did not become concerned with this matter at the instance of any party against whom the claim of said minor is asserted.

3.	Skapik Law Group represents Jaimie Manns and N.M., a minor, and is not employed by any other party or any insurance carrier involved in the matter.

4.	Skapik Law Group has not received any compensation for its services in connection herewith from any person.

5.	There is no other source from which Skapik Law Group will receive compensation for its services in connection with this matter.

6.	Skapik Law Group accepted this engagement for a contingency fee, plus reimbursement for any costs advanced. Skapik Decl., ¶ 13. The retainer agreement provides for a 45% attorneys' fee recovery. Skapik Decl., ¶ 13.

## IV.   PETITIONER BELIEVES THE SETTLEMENT IS IN THE BEST INTERESTS OF THE MINOR PLAINTIFF

The petitioner has made a careful and diligent inquiry and investigation to ascertain the facts relating to the incident giving rise to N.M.'s claims, the parties responsible, and the nature, extent, and seriousness of N.M.'s damages. Petitioner further understands that if the compromise proposed in this petition is approved by the Court and is consummated, the minor will be forever barred from seeking any further recovery of compensation even though the minor's injuries and loss might in the future appear to be more serious than they are now thought to be.

Petitioner is informed and believes that the minor has made significant recovery from the effects of his injuries and losses so as to justify the resolution of this matter in accord with the terms of the settlement agreement. Petitioner recommends the compromise settlement, and the proposed distribution to the minor, to the Court as being fair, reasonable, and in the best interest of the minor, and requests that the Court approve this compromise settlement and make such other and further order as may be just and reasonable.

///

## V. CONCLUSION

Based on the foregoing, Petitioner respectfully requests that the Court find the proposed settlement to be fair, reasonable, and in the best interest of the minor Plaintiff N.M. and issue an order approving the minor's compromise. Petitioner further requests that the Court approve payment of the $150,000.00 due to N.M. to a CUTMA account with Ms. Manns serving as custodian, without bond or creation of trust, to be used for N.M.'s care, education and benefit only, as Ms. Manns sees fit, pursuant to California Probate Code § 3611(f).

Respectfully submitted,

SKAPIK LAW GROUP

Dated: June 12, 2024         By:    */s/ Geralyn L. Skapik*
                                    Geralyn L. Skapik
                                    Mark J. Skapik
                                    Attorneys for Plaintiffs,
                                    JAIMIE MANNS and
                                    N.M., by and through his guardian ad litem,
                                    JAIMIE MANNS